D. C. CHASE v. W. O. WOLGAMOT, Appellant.

**Exchange of properties:** FALSE REPRESENTATIONS OF AGENT: RESCISSION. One accepting a building in exchange for other property need not have it examined to ascertain its condition, but may rely on the statements of the other party's agent who had knowledge thereof; and even though the grantee obtains a partial knowledge of its condition after taking possession, yet, if upon learning the full extent of his loss he tenders a reconveyance and offers to put the other party in *status quo,* he is entitled to rescission upon proof of the agent's fraudulent representation.

*Appeal from Hamilton District Court.*— HON. J. R. WHITAKER, Judge.

MONDAY, JANUARY 20, 1908.

SUIT in equity to rescind an exchange of properties. Judgment for the plaintiff, from which the defendant appeals.— *Affirmed.*

*Wesley Martin* and *Charles A. Biernatzki,* for appel-·
lant.

*D. C. Chase,* for appellee.

SHERWIN, J.— In December, 1903, these parties ex-
changed real estates, the plaintiff deeding to the defendant
ten vacant lots for an equity in a brick store building.    The
store building was incumbered by two mortgages, one for
$2,000 and the other for $1,000.    The building was at the
time occupied by the defendant's father, A. R. Wolgamot,
as we understand the record, and had been so occupied for
some years prior to the trade.    He represented the defend-
ant in the transaction in question, and by his·acts she is
bound.    This action was brought to rescind the exchange on
the ground of fraudulent representations as to the condition
of the property, and for false representations as to the ma-
turity of the larger of the two mortgages thereon.

The evidence conclusively shows that at the time of the
exchange the building was in an unsafe condition and prac-
tically worthless except for the material that might be saved
therefrom when it was razed.    It was in fact afterwards torn
down by order of the city council of Webster City, because
of its dangerous condition.    While the record shows that the
condition of the building was fairly apparent, the cause of
such condition was a very material matter, and, as to such
cause, the plaintiff was not informed and could not be by
a mere inspection of the building.    He was not bound to
have it examined by experts to ascertain the cause of its
shape, but might rely, as he did, upon the statements of the
defendant's agent, who thoroughly knew the building by
reason of his long occupancy, and the cause of its then con-
dition.    This he fraudulently misrepresented to the plain-
tiff, and thereby induced the exchange of properties.

It is said, however, that the plaintiff treated the prop-
erty as his own after he knew its·unsafe condition, and,

because thereof, is not entitled to rescission. There is testimony tending to show that he knew something of the condition of the building before he ceased treating it as his own, but the record fails to show that he was fully advised on the subject, or that he knew the full extent of the loss that he must suffer if he retained the same. Soon after making full discovery he tendered the defendant a deed for the property, but the exchange back was refused. Under these circumstances we think the right to rescind was not lost. *Clapp v. Greenlee,* 100 Iowa, 586. Upon the trial he offered to return all rent received for the property while the title stood in his name, and this was sufficient in a court of equity. *Clapp v. Greenlee, supra.* It may be there was no offer to return the insurance policy, but the paper itself had no value, and such failure should not defeat recovery. For the reasons stated, there should be an affirmance of the case, and we need not discuss other propositions relied upon by the appellee.

The judgment is *affirmed.*